**Complaint of DAY ENTERPRISES, Inc., et al against FIRST FLORIDA UTILITIES, Inc.**

Docket No. 70422-WS, Order No. 4971.

Florida Public Service Commission.

November 12, 1970.

14

Julian K. Dominick of Fishback, Davis, Dominick, Simonet & Salfi, Orlando, for the complainants.

B. Kenneth Gatlin, Tallahassee, for First Florida Utilities, Inc.

R. M. C. Rose, for the commission staff and the public generally.

Chairman WILLIAM T. MAYO and Commissioner JESS YARBOROUGH participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to notice issued October 16, 1970, a public hearing was held in this docket in Winter Park on November 5, 1970.

Proceedings in this docket arose on the complaint of Irene Z. Day, Mary Alice Day, John H. Day and Day Enterprises, Inc., hereinafter called "Day", requesting that we exclude from the territory granted to First Florida Utilities certain lands as described hereinafter.

The lands in Orange County requested to be excluded from the territory we granted to First Florida Utilities by certificates nos. WS-54 and SS-45 are as follows — [legal description the same as in complainant's letter above]

Day, by the letter complaint of its attorney, alleged that it owned or controlled this territory and, further, that it sought to construct a mobile home park therein.

Day showed that it had readily secured commitments for electric, telephone and gas utility services from each of the public utilities providing those services and that the reputation of reliability of those public utilities was such that it might readily proceed with the considerable financial cost of the development of the lands as it planned.

At about the same time Day sought commitment for water and sewer service from the defendant, First Florida Utilities. In its relations with the defendant, its experience was different. Although the defendant clearly showed that it had capacity to provide water service, it was not then able to provide the sewer service.

Day's witness and First Florida's witness both testified that it is more difficult to operate profitable sewer systems in Florida than to operate water systems profitably. The law under which we regulate public utilities clearly states that the charges for service should be, among other things, compensatory. However, we are not blind to economic reality. Neither is our Supreme Court. It has recognized the right of a public utility to request authorization to charge rates which would provide less than a fair return. (See Utilities Operating Company v. King, 143 So.2d 854, Fla. 1962).

The defendant's witness testified that the utility had secured a commitment for additional financing with which it could complete the necessary construction of its sewer treatment plant and provide service to Day within ninety days. No additional treatment plant construction is required to provide water service, and the defendant's witness stated that it could provide water service within two weeks.

The defendant offered to delete the territory in question from its sewer utility certificate. In light of our earlier observation regarding the economics of sewer service, this offer placed Day in an untenable position. Because Day was unable to demonstrate that the water service to the territory in question was unavailable and that such territory should be deleted from the defendant's water certificate, it appears that it has lost the opportunity to provide the more profitable of the two utilities' services. Day must either take the more difficult and less profitable sewer service, or take them both.

The testimony before us clearly shows that the defendant has repeatedly misled Day by promises of action at the end of some five consecutive thirty-day periods. Each time it was contacted by the

utility's representatives, the utility would promise or state that it would have financing available to provide sewer service in thirty days. We find that this unreliability is the principal source of the complaint in this docket. The time has come, if it did not come many months ago, for the defendant herein to live up to its promises and to its statutory obligation. It should provide both the water service and the sewer service, or it should suffer the loss of the territory.

It is therefore ordered that First Florida Utilities, Inc. shall, upon the reasonable demand of Day, provide water service to the territory described hereinabove within 30 days of such demand. It is further ordered that First Florida Utilities shall, upon the reasonable demand of Day, provide sewer service to the territory hereinabove described within 120 days of such demand. It is further ordered that if First Florida Utilities, Inc. shall fail or refuse to provide the water service or the sewer service as set forth hereinabove, then its water certificate no. WS-54 and its sewer certificate no. SS-45 be and are hereby restrictively amended to exclude the Day territory as described hereinabove.